UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-517-RJC
(3:08-cr-219-RJC)

| | |
|---|---|
| EUGENE MARTA LANEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondent's Motion To Dismiss filed March 26, 2012, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5). In accordance with Roseboro v.Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of his obligation to respond to Respondent's Motion.

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). In the context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255. In considering Petitioner's Motion to Vacate, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444

1

F.3d 312, 319 (4th Cir. 2006).

Petitioner is further advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Motion to Vacate as well as those attached to the Rule 12(b)(6) motion to dismiss, so long as those documents "are integral to the complaint and authentic." Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n.1 (4th Cir. 2006). Petitioner is advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Respondent's 12(b)(6) motion, such action may result in the conversion of Respondent's motion into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Petitioner shall have thirty (30) days from the entry of this Order to file his response to Respondent's Motion to Dismiss his Section 2255 Petition. (Doc. No. 5). Petitioner's failure to respond may result in the Court granting the relief sought by Respondent, that is, in the dismissal of the Motion to Vacate.

The Clerk of Court is directed to send copies of this Order and Notice to the parties.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge