| | | |
|---|---|---|
| **EUGENE MARTA LANEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, pursuant to

28 U.S.C. § 2255, and Supplemental Memorandum, (Doc. Nos. 1, 8); the Government's Motion

to Dismiss, (Doc. No. 5), counsel's Supplemental Motion to Vacate, (Doc. No. 10); the

Government's Response in Opposition, (Doc. No. 18); and Petitioner's pro se Reply to the

Government's Response, (Doc. No. 20). For the reasons stated below, the Motion to Vacate, as

supplemented, will be denied.

I.      BACKGROUND

On October 28, 2008, Petitioner was charged with possessing with intent to distribute at

least 5 grams of cocaine base, as well as heroin, and aiding and abetting, in violation of 21

U.S.C. §§ 841(a)(1) and(b)(1)(B), and 18 U.S.C. § 2 (Count One). (Case No. 3:08-cr-219, Doc.

No. 1: Indictment). Petitioner was also charged with possessing a firearm and ammunition as a

felon, and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count Two). (Id. at

2). The Government filed a notice pursuant to 21 U.S.C. § 851 seeking enhanced penalties based

on Petitioner's 2002 North Carolina sale of heroin conviction. (Case No. 3:08-cr-219, Doc. No. 8).

On February 20, 2009, Petitioner entered guilty pleas to both counts pursuant to a written Plea Agreement in which he waived direct appeal and collateral attack of his conviction or sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id., Doc. No. 14: Plea Agreement at 1, 5-6; Doc. No. 15: Acceptance and Entry of Guilty Plea). Before accepting the plea as knowing and voluntary, a magistrate judge questioned Petitioner under oath pursuant to Rule 11 of the Federal Rules of Criminal Procedure about the plea, including the appellate and post-conviction waivers in his Plea Agreement, which Petitioner said he understood. (Id., Doc. No. 39: Plea Hr'g TR at 2, 19, 21).

At the outset of Petitioner's sentencing hearing, the Court confirmed that Petitioner had no objections to the finding of the magistrate judge that the plea was knowing and voluntary. (Id., Doc. No. 40: Sent. Hr'g TR at 2). Petitioner's only objection was to the drug conviction in the § 851 notice which occurred when he was 16 years old. (Id., Doc. No. 25: Response at 2; Doc. No. 40: Sent. Hr'g TR at 4). Counsel admitted there was no law supporting his argument that Petitioner's age prohibited the use of the adult conviction, and the Court overruled the objection. (Id. at 4-5). The Court imposed the mandatory minimum 120 months' imprisonment on Count One and also 60 concurrent months on Count Two. (Case No. 3:08-cr-219, Doc. No. 30: Judgment at 2).

Petitioner filed a direct appeal, which the Government moved to dismiss based on the waiver in his Plea Agreement. Petitioner acknowledged the waiver but contended he should be allowed to challenge the prior conviction used to enhance his sentence to avoid a miscarriage of

justice. (Case No. 09-5010, Doc. No. 35: Response at 1).  The Fourth Circuit granted the

Government's motion and dismissed the appeal on August 17, 2010. (Id., Doc. No. 36: Order).

On October 17, 2011, Petitioner timely filed the instant § 2255 motion stating two

grounds for relief: (1) that his 2002 North Carolina drug conviction no longer qualifies as a

predicate to support his enhancement under § 851 because he was only sentenced to 10 to 12

months' imprisonment; and (2) that his appellate counsel was ineffective in failing to argue that

he should have received the benefit of the Fair Sentencing Act (FSA) of 2010.[1] (Case No. 3:11-

cv-517, Doc. No. 1: Petition at 14).  After the Fourth Circuit issued its en banc decision in United

States v. Simmons, 649 F.3d 237 (4th Cir. 2011), this district began appointing counsel for

defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order).  On March 14,

2013, counsel filed a Supplemental § 2255 Motion claiming Petitioner's enhanced drug sentence

and his § 922(g)(1) conviction violate due process and represent a miscarriage of justice because

they are based on a predicate that no longer qualifies as a felony in light of Simmons. (Doc. No.

10 at 1).  The Supplemental Motion adds claims for relief pursuant to 28 U.S.C. § 2241, and for

writs of coram nobis and audita querala. (Id. at 16-21).  The Court ordered the Government to

respond to the Supplemental Motion, (Doc. No. 13), and the Government complied. (Doc. No.

18).  With the filing of Petitioner's Reply on February 23, 2015, (Doc. No. 20), this matter is ripe

for disposition.

---

[1]  In its first Motion to Dismiss, the Government argued that the § 2255 motion was untimely.
(Doc. No. 5 at 1).  Petitioner's Judgment became final on or about November 17, 2010, when he
did not petition for writ of certiorari to the Supreme Court. Clay v. United States, 537 U.S. 522,
525 (2003) (judgment becomes final when time to seek review expires).  Petitioner filed the
instant motion October 17, 2011, within the one-year statute of limitations in 28 U.S.C. §
2255(f)(1).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

A.      Post-conviction Waiver

The Government moves to dismiss this action citing the Plea Agreement's waiver of Petitioner's right to collaterally attack his sentence pursuant to § 2255 and "similar authorities." (Doc. No. 5: Motion at 2-3; Doc. No. 18: Response at 3-4).  It is well-settled that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). As detailed above, the magistrate judge found Petitioner's plea, with included waiver, to be knowing and voluntary, and Petitioner has not challenged that finding.  On the strength of that waiver, the Fourth Circuit dismissed Petitioner's direct appeal.  Likewise, the Government is entitled to enforcement of Petitioner's waiver of his post-conviction claims for relief under Simmons. See United States v. Jones, 549 F. App'x 219 (4th Cir. 2014) (§ 2255 claims based on Simmons were within scope of waiver) (citing United States v. Copeland, 707 F.3d 522, 528-30 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013); Beckham v. United States, 592 F. App'x 223, (4th Cir. Feb. 9, 2015) (rejecting challenge of sentence enhancement under § 2241 and via writs for

error coram nobis and audita querela based on waiver in plea agreement) (citing United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010)).

Even if Petitioner had not waived his post-conviction remedies, the Court would still find he is not entitled to relief. Petitioner maintains that his North Carolina conviction for selling heroin is no longer considered a "felony" under Simmons because his plea agreement limited his punishment to 10 to 12 months' imprisonment. (Doc. No. 1: Motion at 14; Doc. No. 7: Supplement at 6; Doc. No. 13: Supplemental Motion at 2-3). The Government rightly asserts, (Doc. No. 5: Motion at 3), and counsel admits, (Doc. No. 13: Supplemental Motion at 2), that Petitioner faced up to 16 months' imprisonment under North Carolina's Structured Sentencing Act based on his conviction for a Class G felony with a prior record level of I. See N.C. Gen. Stat. § 90-95(b)(1)(i); (Doc. No. 8: Exhibit 1: Judgment).

The Fourth Circuit has squarely rejected a claim similar to Petitioner's and held, "North Carolina's unique sentencing regime, not a plea agreement, determines whether a defendant's conviction is punishable by imprisonment exceeding one year and so qualifies as a federal sentencing predicate." United States v. Valdovinos, 760 F.3d 322, 326 (4th Cir. 2014). In that case, as in this one, a plea agreement calling for 10 to 12 months' imprisonment for selling heroin, a crime punishable by more than one year, did not bar the conviction from serving as a predicate felony under Simmons. Id. at 327. Therefore, it is clear that Petitioner is not entitled to relief on this claim.

B.     Ineffective Assistance of Counsel

Petitioner retained the right to post-conviction attack based on ineffective assistance of counsel. He contends that his appellate counsel was ineffective in failing to

argue that the sentence should be vacated because the FSA took effect while the case was

direct appeal. (Doc. No. 1: Motion at 14). To establish a claim of ineffective assistance

of counsel, a defendant bears the burden of showing that his counsel's performance "fell

below an objective standard of reasonableness," and that this deficient performance was

prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Although Petitioner may have benefitted if he had been sentenced under the FSA,

which increased the quantity of cocaine base required to trigger mandatory minimum

punishments in 21 U.S.C. § 841(b), the Supreme Court has ruled that the Act only applies

to those sentenced after its effective date of August 3, 2010. Dorsey v. United States, 132

S. Ct. 2321, 2335 (2012). Here, Petitioner was sentenced on October 29, 2009; therefore,

appellate counsel's performance was not deficient for failing to seek relief that the

Supreme Court has found is unavailable to Petitioner.

IV.    CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion, as

supplemented, must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1.    Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**;

2.    Respondent's Motion for Extension of Time, (Doc. No. 19), is **GRANTED**;

3.    Petitioner's Motion to Expedite, (Doc. No. 12), is **DISMISSED** as moot; and

4.    Petitioner's § 2255 Motion to Vacate, as supplemented, (Doc. Nos. 1, 10), is

**DENIED and DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge